# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN, ) | CASE NO. 1:21-cv-1303 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ) | |
| RICHARD MICHAEL DEWINE, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

*Pro se* plaintiff Manetirony Clervrain ("Clervrain") filed this civil rights action against Richard Michael DeWine, Governor of the State of Ohio; Sherrod Brown, U.S. Senator; Kelly Tallman Clements, Director of the United Nations; and Patricia Lee Refo, President of the American Bar Association. (Doc. No. 1 (Complaint).) For the following reasons, this action is dismissed.

## I. Background

On July 6, 2021, Clervrain filed a very brief complaint containing disjointed, illogical statements, and it referenced a collection of "motions," including the following: "Motion for Consideration or Compelling need(s) or Controversies to Litigate by Invoking the Ant(s) Duty Mitigating Act ("TADMA")" (Doc. No. 3); "Motion for judicial intervention(s)" and "Motion for Clarification necessary by invoking the movement(s) on crimes mitigating act ("MOCMA") (Doc. No. 4); "Motion for 'prompt notices' or 'their expertise act' ("TEA"), or opinion(s) by the national issues regulatory treaties act ("NIRTA")" (Doc. No. 5); and "Motion for mitigating

financial burden or ("IFP") constitutional issues by massive issues 'right aggravated' treatment act" (Doc. No. 6). Clervrain also filed a motion to proceed *in forma pauperis* (Doc. No. 2). Then on August 4, 2021, Clervrain filed a "Motion for Opposition(s), or Eviction Notices, or Illegally by Conviction for the Market Issues Manipulating ACT ("MIMA")" (Doc. No. 7).

Clervrain's complaint and motions identified in Doc. Nos. 3, 4, 5, 6, and 7, which the Court will construe as one pleading, are composed entirely of meaningless rhetoric with seemingly random citations to real and nonexistent statutes, regulations, and case law. Clervrain's pleading also fails to include any relevant factual allegations or assert any cognizable causes of action.

## II. Standard of Review

By separate order, the Court has granted Clervrain's motion to proceed *in forma pauperis* (Doc. No. 2). Accordingly, because Clervrain is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198–99 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action

fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Clervrain is not required to include detailed factual allegations, but he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to Clervrain. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520–21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (citation omitted).

Here, Clervrain fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to connect any alleged occurrence to any specific injury, and he fails to identify how any specific defendant harmed him in any way.  Indeed, Clervrain fails to include virtually any factual allegations, he does not assert a discernable claim based on recognized legal authority, and he fails to state a legal cause of action within the jurisdiction of this Court or a proper prayer for relief. The complaint does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8 and is therefore dismissed.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). Further, because the Court construed Clervrain's complaint and "motions" as one pleading, his motions in Doc. Nos. 3, 4, 5, 6, and 7 are denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 3, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**